USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/4/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jonathan Suero,

                  Petitioner,

       -against-

Joseph Noeth,

                  Respondent.

1:19-cv-03752 (ER) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion for discovery, dated April 14, 2019 (ECF No. 5), that was filed by *pro se* Petitioner Jonathan Suero ("Petitioner") in relation to his Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner's motion seeks 21 documents. (Pl.'s Motion, ECF No. 5, at 1-2.) On September 10, 2019, the Respondent filed a response to the Petition, along with voluminous documents from the state court record. (*See* ECF Nos 12-22.) These documents were served upon Petitioner. (*See* Certificate of Service, ECF No. 12, at 158.) Certain of the documents sought by Petitioner were among the documents submitted in response to his Petition, and to that extent Petitioner's motion for discovery is DENIED as moot. With respect to the remainder of the documents sought, Petitioner's motion is DENIED, for the reasons set forth below.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, discovery may be permitted only in an exceedingly limited set of circumstances. *See Cullen v. Pinholster*, 563 U.S. 170, 185 (2011); *see also* Rules Governing Section 2254 Cases, Rules 6(a)

(permitting discovery only for "good cause"), 6(b) (requiring the party requesting discovery to provide reasons for the request).

It is a petitioner's burden to show that the discovery is necessary, and that "if the facts are fully developed," he would "be able to demonstrate that he is . . . entitled to relief." *Pizzuti v. United States*, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (citations omitted). "The Court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition." *Hirschfeld v. Comm'r of Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003). Importantly, "Rule 6 does not license a petitioner to engage in a fishing expedition by seeking documents merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error." *Pizzuti v. United States*, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (internal quotations omitted).

In the present case, Petitioner has not explained how the documents listed in his motion (which he has not already received) support any of the grounds he raises in his Petition.[1] Thus, the Court DENIES Petitioner's motion for discovery.

The Clerk of the Court is directed to terminate ECF No. 5 and shall mail a copy of this Order to the *pro se* Plaintiff.

**SO ORDERED.**

---

[1] The three grounds raised in his Petition are (1) Petitioner's rights to due process and his right to counsel were violated by the court's admission of prejudicial "consciousness of guilt" evidence; (2) Petitioner was deprived a fair trial when the court allowed testimony regarding the emotional impact of the crime on the victim's brother; and (3) Petitioner was deprived of a fair trial when the prosecutor, on summation, shifted the burden of proof to Suero. (Pet., ECF No. 2, 5-6.)

DATED: New York, New York
October 4, 2019

_____
STEWART D. AARON
United States Magistrate Judge